JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
    E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
    E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
    E-mail: mchaney@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 115
Woodland Hills, California 91367
Telephone:  (818) 888-7540
Facsimile:   (818) 888-7544

Attorneys for Plaintiff
TRE MILANO, LLC

FILED
2010 APR 16  PM 4: 13
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

TRE MILANO, LLC, a California Limited Liability Company,

    Plaintiff,

vs.

HANGFENG WU, an Individual, and DOES 1-10, Inclusive,

    Defendants.

Case No. CV10-02854 DDP (JEMx)

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF:**

(1) FEDERAL TRADEMARK INFRINGEMENT [15 *U.S.C.* § 1114/*Lanham Act* §43(a)]
(2) FEDERAL COPYRIGHT INFRINGEMENT [17 *U.S.C.* §501(a)];
(3) FALSE DESIGNATION OF ORIGIN [15 *U.S.C.* §1125(a)];
(4) TRADEMARK DILUTION [15 *U.S.C.* §1125(c)];
(5) UNFAIR BUSINESS PRACTICES [*CALIFORNIA BUSINESS & PROFESSIONS CODE* §17200];
(6) DECLARATORY RELIEF;

- 1 -
COMPLAINT FOR DAMAGES

(7) ACCOUNTING; and
(8) UNJUST ENRICHMENT

**DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff TRE MILANO, LLC (hereinafter "Plaintiff"), to hereby file its Complaint against HANGFENG WU, and Does 1-10, inclusive (collectively "Defendants").

## PARTIES

1. Plaintiff is now, and was at the time of the filing of this Complaint and at all intervening times, a California Limited Liability Company, duly authorized and licensed to conduct business in California, with its principal place of business in California.

2. Plaintiff is informed and believes that HANGFENG WU is now, and was at the time of the filing of this Complaint and at all intervening times, an individual residing at 725 64th Street, Brooklyn, New York 11220-4714.

3. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants herein named as Does 1-10, inclusive, are unknown to Plaintiff. Plaintiff therefore sues said Defendants by such fictitious names. When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this pleading accordingly.

4. Plaintiff further alleges that HANGFENG WU, and Does 1-10, inclusive, sued herein by fictitious names are jointly, severally and concurrently liable and responsible with the named Defendants upon the causes of action hereinafter set forth.

5. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein HANGFENG WU, and Does 1-10, inclusive, and each of them, were the agents, servants and employees of every other Defendant and the acts of

each Defendant, as alleged herein, were performed within the course and scope of that agency, service or employment.

## JURISDICTIONAL ALLEGATIONS

6. This Court has Federal subject matter jurisdiction over this matter pursuant to 28 *U.S.C.* §§1331 and 1338(a) and (b), by virtue of 15 *U.S.C.* §1051 *et seq.*, in that the case arises out of §43(a) of the *Lanham Act* for trademark infringement, copyright infringement pursuant to 17 U.S.C. §501(a), and supplemental jurisdiction under 28 *U.S.C.* §§1367(a) and 1338 (a)(b).

7. Venue is proper, *inter alia*, under 28 *U.S.C.* §1391(b) because on information and belief, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

8. Personal jurisdiction exists over Defendants because on information and belief, Defendants conduct business in California and in this judicial district, or otherwise avail themselves of the privileges and protections of the laws of the State of California, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process.

## GENERAL ALLEGATIONS

9. Plaintiff is a beauty product and hair product company involved in the development, production, sale, and distribution of the hair brush and rotating hot iron combination instrument, InStyler. Plaintiff owns the "InStyler" mark used in connection with its "rotating iron" hair brush, a combination instrument that is a hair brush and rotating hot iron used to curl, straighten, and style hair. Plaintiff has been using the mark since June 2008. Plaintiff first distributed the "InStyler" mark also in June 2008.

10. Plaintiff owns registered United States Trademark for the "InStyler" mark under U.S. Reg. No. 3496525 (registered September 2, 2008); attached herewith as Exhibits "A."

11. Plaintiff also owns registered trademarks in the "InStyler" marks in the following foreign countries or territories: Benelux, Canada, European Community, Hungary, International Registration – Madrid Protocol Only, Ireland, Mexico, Turkey, and United Kingdom.

12. Plaintiff owns a United States Copyright for the "InStyler," related InStyler products, and infomercials under Certificate of Registration number: (attached herewith as Exhibit "B")

    a) VAu001001634 (effective date of September 28, 2008);
    b) TX0006910783 (effective date of November 14, 2008)
    c) TX0006921877 (effective date of November 24, 2008);
    d) TX0006921892 (effective date of November 24, 2008);
    e) VA0001671188 (effective date of June 12, 2009);
    f) VA0001672732 (effective date of June 12, 2009);
    g) VA0001673742 (effective date of June 12, 2009);
    h) VA0001671183 (effective date of June 12, 2009);
    i) VA0001671190 (effective date of June 12, 2009);
    j) VA0001671191 (effective date of June 12, 2009);
    k) TX0007107862 (effective date of July 2, 2009);
    l) VAu000995006 (effective date of July 14, 2009);
    m) VAu000995000 (effective date of July 14, 2009)
    n) VAu000994999 (effective date of July 14, 2009);

13. Plaintiff owns the additional United States Copyright for the "www.getinstyler.com" website under Certificate of Registration number TXu001599536 (effective date of November 14, 2008), attached herewith as Exhibit "C".

14. Plaintiff owns additional United States Copyrights for the "InStyler" Infomercials under Certificate of Registration number PAu003365698 (effective date of October 29, 2008); PAu003370090 (effective date of November 12, 2008),

attached herewith as Exhibits "D" and "E", respectively.

15. Plaintiff has spent substantial time, money and effort in developing consumer recognition and awareness of its "InStyler" marks. Plaintiff has spent over **Thirty Million Dollars** ($30,000.000.00) to air its television infomercials alone, and over **Five Million Dollars** ($5,000.0000.00) on print and internet advertising. Dating back to inception in 2008, the "InStyler" infomercials have aired over Five Thousand (5,000) times.

16. According to Infomercial Monitoring Service, Inc. (IMS), a monitor of national broadcast, cable and satellite television for the direct response television industry, Plaintiff's "InStyler" infomercials have consistently been ranked no. 1 on the IMS Top 25 list, with over 135 consecutive weeks in a row on the Top 25 list.

17. Through the extensive use of the "InStyler" marks, Plaintiff has built up and developed significant goodwill in the "InStyler" marks. A wide array of newspapers, magazines, and television networks (including *Redbook, Glamour, Essence,* the *Chicago Sun-Times, "O" the Oprah Magazine, The View, Access Hollywood,* and *E! Entertainment Television*) have featured stories and demonstrations enthusiastically describing the successful use of the "InStyler."

18. Defendants use, amongst other things, the Internet auction website known as eBay to sell and distribute products, including pirated products, to consumers. At any given time, there are millions of items listed on eBay for bid or purchase by its more than one hundred million registered users. Buyers have the option to purchase items in an auction-style format where users bid on products or items can be purchased at a fixed price through a feature referred to as "Buy It Now". Using another eBay feature referred to as "Feedback", users who have made a purchase on eBay are given the opportunity to post positive, neutral or negative reviews in relation to their buying experience. While feedback can

give some indication of sales volume, actual sales may far exceed the number of feedback entries a seller receives.

19. On April 7, 2010, in its ongoing investigation of counterfeit sales of the "InStyler" product, Plaintiff purchased a counterfeit "InStyler" rotating hot iron from Defendants, for a cost of $39.99 charged to the PayPal electronic payment account of Plaintiff's investigator. A true and correct copy of the website purchase receipt is attached hereto as Exhibit "F."

20. The product purchased from Defendants was inspected by Plaintiff to determine authenticity. Plaintiff's inspection of the purchased item using security measures confirmed that the item Defendants sold to the investigator was in fact a counterfeit "InStyler."

21. Defendants use images confusingly similar or identical to Plaintiff's trademarks, to confuse consumers and aid in the promotion and sales of its unauthorized product. Defendants' use of Plaintiff's trademarks include importing, advertising, displaying, distributing, selling and/or offering to sell unauthorized copies of Plaintiff's "InStyler" product. Defendants' use began long after Plaintiff's adoption and use of its trademarks, and after Plaintiff obtained the copyright and trademark registrations alleged above. Neither Plaintiff nor any authorized agents have consented to Defendants' use of Plaintiff's "InStyler" trademarks.

22. Defendants' actions have confused and deceived, or threatened to confuse and deceive, the consuming public concerning the source and sponsorship of the unauthorized copies of Plaintiff's "InStyler" product, sold, and distributed by Defendants. By its wrongful conduct, Defendants have traded upon and diminished Plaintiff's goodwill. Furthermore, the sale and distribution of counterfeit goods by Defendants has infringed upon Plaintiff's federally registered trademarks and copyrights.

///

## FIRST CAUSE OF ACTION

### (Federal Trademark Infringement Against HANGFENG WU, and Does 1-10, Inclusive)

[15 *U.S.C.* §1114/*Lanham Act* §43(a)]

23. Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-22.

24. Defendants are actually aware that Plaintiff is the registered trademark holder of the "InStyler" mark and designs and its registered copyrights. (See Exhibits A-E).

25. Defendants did not and failed to obtain the consent or authorization of Plaintiff as the registered owner of the subject name and mark to commercially distribute and market "InStyler" rotating hot iron bearing the Plaintiff's mark into the stream of commerce.

26. Defendants intentionally and knowingly used in commerce the reproduction, counterfeit, copy, and/ or colorable imitation of Plaintiff's registered mark in connection with the sale, offering for sale, distribution, or advertising of Plaintiff's goods by offering, advertising, promoting, retailing, selling, and distributing counterfeit "InStyler" rotating hot iron bearing the "InStyler" trade name and mark.

27. Defendants reproduced, counterfeited, copied, and colorably imitated Plaintiff's registered "InStyler" mark and applied such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles and/or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, and/or advertising of goods. Defendants thereupon offered, advertised, promoted, retailed, sold, and distributed through an online auction known as eBay, counterfeit "InStyler" rotating hot iron bearing the "InStyler" trade name and mark.

28. Defendants egregious and intentional use and sale of fake, pirated and counterfeit items bearing Plaintiff's trademark is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud the consumer who believe that the items are authentic "InStyler" rotating hot iron manufactured by Plaintiff.

29. Defendants continued and knowing use of Plaintiff's trade name and mark without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's federally registered trademarks in violation of §32 of the *Lanham Act*, 15 *U.S.C.* §1114.

## SECOND CAUSE OF ACTION

**(Federal Copyright Infringement Against HANGFENG WU, and Does 1-10, Inclusive)**

**[17 *U.S.C.* §501(a)]**

30. Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-29.

31. Plaintiff is the exclusive owner of its design creations, and registered copyrights with the United States Copyright Office. (See Exhibits B through E)

32. Defendants have actual notice of Plaintiff's exclusive copyright rights.

33. Plaintiff's copyright registrations provide constructive notice of Plaintiff's ownership rights in the copyrighted works.

34. Defendants did not seek and failed to obtain Plaintiff's consent or authorization to utilize, manufacture, reproduce, copy, display, commercially distribute and market in commerce or otherwise the copyrighted works.

35. Without permission, Defendants intentionally and knowingly reproduced, counterfeited, copied, displayed, and manufactured colorable imitations of the designs by offering, advertising, promoting, retailing, selling,

distributing counterfeit "InStyler" rotating hot iron containing the copyrighted works.

36. Defendants intentionally and willfully applied their infringing uses of the copyrighted works to labels, signs, printed notices, packaging, wrappers, receptacles and advertisements in connection with the fraudulent sale, offering for sale, distribution, or advertising of Defendants' goods and represented that the goods were authentic products of Plaintiff's. Defendants thereupon widely, publicly, and continuously offered, advertised, promoted, retailed, sold, and distributed counterfeit "InStyler" rotating hot iron containing the copyrighted works through the internationally and prominently recognized online auction known as eBay.

37. Defendants continue its infringement of the designs in blatant disregard of Plaintiff's protected rights.

## THIRD CAUSE OF ACTION

**(False Designation of Origin & Unfair Competition Against HANGFENG WU, and Does 1-10, Inclusive)**

[15 *U.S.C.* §1125(a)]

38. Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-37.

39. Defendants' conduct described above violate the *Lanham Act*, have unfairly competed with and injured and, unless immediately restrained, will continue to injure Plaintiff, causing damage to Plaintiff in an amount to be determined at trial, and will cause irreparable injury to Plaintiff's goodwill and reputation associated with the value of Plaintiff's mark.

40. Defendants have the legal obligation and responsibility to conduct a search before utilizing a trademark so as not to confuse or deceive consumers as to the origin of its name and mark.

41. Plaintiff's mark is distinctive in the states in which trademark registration was obtained by virtue of its substantial inherent and acquired distinctiveness, extensive use in each state in which registration was obtained, and the extensive advertising and publicity of the mark.

42. Defendants' egregious and intentional use and sale of fake, pirated and counterfeit items bearing Plaintiff's trademark unfairly competes with Plaintiff and is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine "InStyler" rotating hot irons.

43. Defendants' continuing and knowing use of Plaintiff's mark constitutes willful infringement, false designation of origin and unfair competition in violation of §43(a) of the *Lanham Act*, 15 *U.S.C.* §1125(a).

## FOURTH CAUSE OF ACTION

### (Dilution by Tarnishment Against HANGFENG WU, and Does 1-10, Inclusive)

### [15 U.S.C. §1125(c)]

44. Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-43.

45. Plaintiff's mark is "famous" within the meaning of the *Lanham Act* and is distinctive in the states in which trademark registration was obtained by virtue of the substantial inherent and acquired distinctiveness of the mark, the extensive use in the relevant states, and the wide advertising and publicity of Plaintiff's goods bearing the mark.

46. As a result of the substantial inherent and acquired distinctiveness in Plaintiff's mark, extensive use in the states in which registration was obtained, and the wide advertising and publicity of the mark, Plaintiff's Mark has become strong and is widely identified and respected.

- 10 -
COMPLAINT FOR DAMAGES

47. Upon information and belief, Defendants' unlawful actions began long after Plaintiff's mark became famous, and Defendants acted knowingly, deliberately and willfully with the intent to trade on Plaintiff's reputation and to dilute Plaintiff's mark. Defendants' conduct is willful, wanton and egregious.

48. The actions of Defendants complained of herein are likely to injure the business reputation of Plaintiff and its mark.

49. Defendants' intentional sale of fake, pirated and counterfeit items bearing Plaintiff's mark unfairly competes with Plaintiff and is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine "InStyler" rotating hot irons.

50. Defendants' unauthorized and counterfeit use of Plaintiff's famous mark has diluted and will continue to dilute and tarnish Plaintiff's name and mark, and is likely to detract from the distinctiveness of Plaintiff's mark.

51. Defendants' conduct is intended to trade on Plaintiff's reputation and goodwill and the quality and high standards of Plaintiff's products. Defendants' failure to meet Plaintiff's strict regulations of quality and design will mar the perception among consumers regarding Plaintiff's products, will tarnish and dilute the strength and value of Plaintiff's mark, and will saturate the market with substandard and counterfeit merchandise.

52. Defendants' egregious and intentional use and sale of fake, pirated and counterfeit items bearing Plaintiff's trademark is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud the consumer who believe that the items are authentic "InStyler" rotating hot irons manufactured by Plaintiff.

53. Defendants' continuing and knowing use of "InStyler" constitutes intentional infringement of Plaintiff's common law trademarks in violation of 15 U.S.C. §1125(c).

54. Plaintiff has no adequate remedy at law to compensate it fully for the

- 11 -
COMPLAINT FOR DAMAGES

damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

### FIFTH CAUSE OF ACTION

### (Unlawful, Unfair, Fraudulent Business Practices Against HANGFENG WU, and Does 1-10, Inclusive)

[*California Business & Professions Code* §17200 *et seq.*]

55. Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-54.

56. Plaintiff has suffered, and continues to suffer, actual injury in fact due to the deliberate acts of infringement by Defendants without regard to Plaintiff's legal, contractual, and exclusive proprietary rights.

57. Defendants' acts and practices as detailed above constitute acts of unlawful, unfair or fraudulent business acts and practices within the meaning of *California Business & Professions Code* §17200.

58. Defendants have engaged in transactions that are in violation of numerous provisions of California law. Strict liability may be applied even if Defendants' acts have violated only one of the three provisions set forth above.

59. Pursuant to *California Business & Professions Code* §17203, Plaintiff seeks an order from this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices set forth in this Complaint and/or ordering that Defendants perform their obligations under the law and cancel any illegal obligations.

60. Plaintiff additionally requests an order from this Court requiring that Defendants make restitution of profits and return or pay to Plaintiff all of Defendants' ill-gotten gains obtained from the illegal transactions, and/or pay restitution, including the amount of monies that should have been paid if Defendants complied with their legal obligations, or, as equity requires.

61. Plaintiff further requests a court order that an asset freeze or constructive trust be imposed over all monies in Defendants' possession which rightfully belong to Plaintiff.

## SIXTH CAUSE OF ACTION

**(For Declaratory Relief Against HANGFENG WU, and Does 1-10, Inclusive)**

62. Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-61.

63. Plaintiff is the exclusive owner of the property, the derivative works, and the programs and has the exclusive rights under the Copyright Act to distribute, reproduce, publicly perform, display and license its property. Therefore, Defendants' claims to any licensing, contractual, assignment or other right, title, or interest in and to the property, the derivative works, and the programs should be declared legally void.

64. Plaintiff is the exclusive owner of the mark and has the exclusive rights under the *Lanham Act* and other pertinent statutes to deal in commerce for its goods and services under the mark. Defendants' intentional sale of pirated "InStyler" rotating hot iron, broadcast and distribution of the programs, and advertising and publicity for same bearing Plaintiffs' mark unfairly competes with Plaintiff and has caused or is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers.

65. Plaintiff desires a judicial determination, pursuant to 28 *U.S.C.* § 2201, that it is the sole owner of the copyrights in the property, the derivative works, and the programs and the sole owner of the mark, that Defendants have no rights to possess or exploit the property, the derivative works, or the programs or use the mark without the express authorization of Plaintiff, and that any claims to the contrary are of no legal effect.

///

///

## SEVENTH CAUSE OF ACTION

### (For Accounting Against HANGFENG WU, and Does 1-10, Inclusive)

66. Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-65.

67. Plaintiff is the exclusive owner of the property, the derivative works, and the programs and has the exclusive rights under the Copyright Act to distribute, reproduce, publicly perform, display and license the property, the derivative works, and the programs. Therefore, Defendants' claims to any licensing, contractual or other right, title, or interest in and to the property should be declared legally void.

68. Plaintiff is the exclusive owner of the mark and has the exclusive rights under the *Lanham Act* and other pertinent statutes to deal in commerce for its goods and services under the mark. Therefore, Defendants' claims to any licensing, contractual or other right, title, or interest in and to the mark should be declared legally void.

69. There is a substantial risk that there will be multiplicity of judicial proceedings unless Defendants, and each of them, and all persons claiming under them, are required to account to Plaintiffs for the revenues, advances and royalties relating to the production, marketing, promotion, distribution, sale, release, showing, licensing, broadcast and assignment of the property, the derivative works, and the programs and of goods sold under the mark.

70. Therefore, Plaintiff requests an order from the Court compelling Defendants, and each of them, to account for all expenses and costs relating to the production, marketing, promotion, distribution, sale, release, showing, licensing, broadcasting and assignment of the property, the derivative works, and the programs and revenues, advances and royalties generated from the production, marketing, promotion, distribution, sale, release, showing, licensing, broadcasting

and assignment of the property, the derivative works, and the programs or use of the mark.

### EIGHTH CAUSE OF ACTION

**(Unjust Enrichment Against HANGFENG WU, and Does 1-10, Inclusive)**

71. Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-70.

72. By virtue of the egregious and illegal acts of Defendants as described above, Defendants have been unjustly enriched in an amount to proven at trial.

73. Defendants' retention of monies gained through its deceptive business practices, infringements, acts of counterfeit and otherwise would serve to unjustly enrich Defendants and would be contrary to the interests of justice.

**WHEREFORE**, Plaintiff TRE MILANO, LLC, prays for judgment against HANGFENG WU, and Does 1-10, inclusive, and each of them, as follows:

A. For damages in an amount to be proven at trial for trademark infringement under 15 *U.S.C.* §1114/Lanham Act §43(a);

B. For damages in an amount to be proven at trial for copyright infringement under 17 *U.S.C.* §501(a);

C. For damages in an amount to be proven at trial for false designation of origin under 15 *U.S.C.* §1125(a);

D. For damages in an amount to be proven at trial for trademark dilution under 15 *U.S.C.* §1125(c);

E. For damages to be proven at trial for common law unfair competition.

F. For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under *Business and Professions Code* §17200;

G. For disgorgement of Defendants' profits under 15 *U.S.C.* §1117(a);

H. For an injunction by this Court prohibiting Defendants from engaging or

continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein;

I. For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants' complied with their legal obligations, or as equity requires;

J. For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiff;

K. For destruction of the infringing articles in Defendants' possession under 15 U.S.C. §1118;

L. For treble damages suffered by Plaintiff as a result of the willful and intentional infringements and acts of counterfeiting engaged in by Defendants, under 15 U.S.C. §1117(b);

M. For damages in an amount to be proven at trial for unjust enrichment.

N. For Plaintiff's reasonable attorney's fees;

O. For all costs of suit; and

P. For such other and further relief as the Court may deem just and equitable.

///
///
///
///
///
///
///

1 | **DEMAND FOR JURY TRIAL;**
2 |     Plaintiff TRE MILANO, LLC, respectfully demands a trial by jury in this
3 | action.
4 |
5 | DATED: April 15, 2010                                           JOHNSON & PHAM, LLP
6 |
7 |
8 |                                                                   By: _____
                                                                  Christopher D. Johnson, Esq.
9 |                                                                    Christopher Q. Pham, Esq.
10 |                                                                    Marcus F. Chaney, Esq.
                                                                   Attorneys for Plaintiff
11 |                                                                    TRE MILANO, LLC
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28