JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
 E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
 E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
 E-mail: mchaney@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 115
Woodland Hills, California 91367
Telephone:  (818) 888-7540
Facsimile:   (818) 888-7544

Attorneys for Plaintiff
TRE MILANO, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRE MILANO, LLC, a California Limited Liability Company,<br><br>  Plaintiff,<br><br>vs.<br><br>HANGFENG WU, an Individual, and DOES 1-10, Inclusive,<br><br>  Defendants. | Case No.: CV10-02854 DDP (JEMx)<br><br>**STIPULATION FOR ENTRY OF PERMANENT INJUNCTION AGAINST DEFENDANT HANGFENG WU** |

  Plaintiff TRE MILANO, LLC ("Plaintiff") and Defendant HANGFENG WU ("Defendant") hereby stipulate to entry of the [Proposed] Permanent Injunction in the form and content set forth in Exhibit A attached hereto. The parties hereto stipulate and agree as follows:

1. This case involves Plaintiff's claims of federal Trademark and Copyright Infringement arising under 15 *U.S.C.* §1114 and 17 *U.S.C.* §501, False Designation of Origin under 15 *U.S.C.* §1125(a), Trademark Dilution under 15 *U.S.C.* §1125(c), Unfair Business Practices pursuant to *California Business & Professions Code* §17200, Declaratory Relief, Accounting, and Unjust Enrichment.

2. The Court has supplemental jurisdiction over Plaintiff's claims arising under California statutory and common law pursuant to 28 *U.S.C.* §1367 because they are so related to the federal claims as to form part of the same case or controversy.

3. Plaintiff is a limited liability company organized and existing under the laws of the State of California with an address of 11812 San Vicente Boulevard, Fourth Floor, Los Angeles, California 90049.

4. Defendant is an individual residing at 725 64TH Street, Brooklyn, New York 11220-4717.

5. Plaintiff is the source of the Instyler® line of products and services, including the rotating hot iron hair products and services, and uses and owns various trademarks, copyrights and other intellectual property on and in connection with such products and services, including, among others, its Instyler® word and design marks, its copyrights in and related to its hot iron hair products, websites, text and other works of authorship, along with various trademark and copyright applications and registrations therefor in the United States and abroad.

6. Consumers and/or purchasers in the United States have come to recognize Plaintiff's marks, including but not limited to the Instyler® mark, and Plaintiff has acquired a valuable reputation and goodwill among the public as a result of such association. Indeed, the Instyler® marks are famous in the United States and abroad.

7. Defendant has willfully distributed and sold counterfeit, pirated or otherwise unauthorized Instyler®-branded products, and related products bearing and/or utilizing one or more of Plaintiff's trademarks and copyrights.

8. Defendant acknowledges and does not contest Plaintiff's exclusive rights in and to Plaintiff's Instyler® trademarks and copyrights, including the exclusive right to distribute products utilizing Plaintiff's Instyler® trademarks and copyrights.

9. Defendant acknowledges that his infringing conduct and the sale of the infringing products included the sale of counterfeit products; that his activity has infringed Plaintiff's rights; and that his activity constitutes federal Trademark Infringement, Copyright Infringement, False Designation of Origin, Dilution, and Unfair Business Practices under California law, and other violations of various state and federal statutory and common law.

10. Plaintiff has no adequate remedy at law for the acts of Defendant complained of herein, or for the acts of any third parties who have acted in concert with and at the direction of Defendant, as injury to Plaintiff's reputation and goodwill cannot be quantified, is irreparable, and such injury cannot be compensated by monetary amounts.

11. In additional to the stipulated permanent injunction, Defendant will be making agreed-upon payments to Plaintiff, as more particularly described in a separate Settlement Agreement.

/ / /

/ / /

/ / /

12. A true copy of the [Proposed] Permanent Injunction against Defendant is attached hereto as Exhibit A.

IT IS SO STIPULATED by the parties hereto:

Dated: June 23, 2010                    JOHNSON & PHAM, LLP

                                        By: _____
                                        Christopher D. Johnson, Esq.
                                        Christopher Q. Pham, Esq.
                                        Marcus F. Chaney, Esq.
                                        Attorneys for Plaintiff
                                        TRE MILANO, LLC

Dated: June 17, 2010

                                        By: _____
                                        HANGFENG WU

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is **JOHNSON & PHAM LLP**, located at 6355 Topanga Canyon Blvd, Suite 115 Woodland Hills, CA 91367. On June 23, 2010 I served the herein described document(s):

**STIPULATION FOR ENTRY OF PERMANENT INJUNCTION AGAINST DEFENDANT HANGFENG WU AND [PROPOSED] ORDER ENTERING PERMANENT INJUNCTION AGAINST DEFENDANT HANGFENG WU**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

**X** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ CM/ECF - by electronically transmitting the document(s) listed above to

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by overnight courier of the document(s) listed above to the person(s) at the address(es) set forth below.

**GOLDBERGER & DUBIN, P.C.**
Paul A. Goldberger, Esq.
401 Broadway
New York, NY 10013

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on June 23, 2010 at Woodland Hills, California.

_____
Nora Ivy Ounjian

-1-