```
 1  JOHNSON & PHAM, LLP
    Christopher D. Johnson, SBN: 222698
 2      E-mail: cjohnson@johnsonpham.com
    Christopher Q. Pham, SBN: 206697
 3      E-mail: cpham@johnsonpham.com
    Marcus F. Chaney, SBN: 245227
 4      E-mail: mchaney@johnsonpham.com
 5  6355 Topanga Canyon Boulevard, Suite 115
 6  Woodland Hills, California 91367
    Telephone:  (818) 888-7540
 7  Facsimile:   (818) 888-7544
 8
 9  Attorneys for Plaintiff
    TRE MILANO, LLC
10
```

JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| TRE MILANO, LLC, a California Limited Liability Company, | Case No.: CV10-02854 DDP (JEMx) |
|---|---|
| Plaintiff, | **ORDER ENTERING PERMANENT INJUNCTION AGAINST DEFENDANT HANGFENG WU** |
| vs. | |
| HANGFENG WU, a Individual, and DOES 1-10, Inclusive, | |
| Defendants. | |

The Court, pursuant to the Stipulation For Entry of A Permanent Injunction, and separate Settlement Agreement between Plaintiff TRE MILANO, LLC ("Plaintiff") on the one hand, and Defendant HANGFENG WU ("Defendant"), on the other, hereby ORDERS, ADJUDICATES and DECREES that final judgment

of a permanent injunction shall be and hereby is entered on the Complaint in the above-referenced matter as follows:

    1.    **PERMANENT INJUNCTION.** Defendant and any person or entity acting in concert with, or at the direction of him, including any and all agents, servants, employees, partners, assignees, distributors, suppliers, resellers and any others over which he may exercise control, are hereby restrained and enjoined, pursuant to 15 *U.S.C.* § 1116, from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world:

    a.    copying, manufacturing, importing, exporting, marketing, sale, offering for sale, distributing or dealing in any product or service that uses, or otherwise making any use of, any Plaintiff's Instyler® trademarks and copyrights, and/or any intellectual property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any of Plaintiff's Instyler® trademarks and copyrights, whether such use is as, on, in or in connection with any trademark, service mark, trade name, logo, design, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation, television, web-based or any other program, or any product or service, or otherwise;

    b.    performing or allowing others employed by or representing him, or under his control, to perform any act or thing which is likely to injure Plaintiff, any Plaintiff's Instyler® trademarks and copyrights, and/or Plaintiff's business reputation or goodwill;

    c.    engaging in any acts of federal and/or state trademark and/or copyright infringement, false designation of origin, unfair competition, dilution, or other act which would tend damage or injure Plaintiff; and/or

1            d.     using any Internet domain name or website that includes any Plaintiff's trademarks and copyrights, including the Instyler® trademarks and www.getinstyler.com© copyrights.

2. Defendant is ordered to immediately deliver to Plaintiff's counsel of record for destruction all unauthorized products, including Instyler® products and related products, labels, signs, prints, packages, wrappers, receptacles and advertisements relating thereto in his possession or under his control bearing any of Plaintiff's intellectual property or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices and other means of making the same, to the extent that any of these items are in Defendant's possession.

3. This Final Judgment shall be deemed to have been served upon Defendant at the time of its execution by the Court.

4. The Court finds there is no just reason for delay in entering this Injunction and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Injunction against Defendant.

5. The Court retains jurisdiction to enforce the terms and conditions of the Settlement Agreement entered into by the parties.

6. The parties waive the requirement of the posting of any monetary bond to the entry of this permanent injunction.

7. **NO APPEALS AND CONTINUING JURISDICTION.** No appeals shall be taken from this Final Judgment, Including Permanent Injunction, and the parties waive all rights to appeal. This Court expressly retains jurisdiction over this matter to enforce any violation of the terms of this Final Judgment and the Permanent Injunction herein.

/ / /

/ / /

/ / /

1    8.    **NO FEES AND COSTS.**  Each party shall bear its own attorneys'
2 fees and costs incurred in this matter.

4    IT IS SO ORDERED, ADJUDICATED and DECREED this 25th day of
5 June, 2010.

_____
HON. DEAN D. PREGERSON
United States District Judge for The Central District of California

- 4 -
**[PROPOSED] ORDER ENTERING PERMANENT INJUNCTION**